1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:      matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   UMG RECORDINGS, INC.; VIRGIN RECORDS
7  AMERICA, INC.; INTERSCOPE RECORDS;
   BMG MUSIC; ARISTA RECORDS LLC; and
8  WARNER BROS. RECORDS INC.

ORIGINAL FILED
SEP 20 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

9

10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11

12

13  UMG RECORDINGS, INC., a Delaware        CASE NO. C07-04860 MHP
    corporation; VIRGIN RECORDS AMERICA,
14  INC., a California corporation; INTERSCOPE   **EX PARTE APPLICATION FOR LEAVE**
15  RECORDS, a California general partnership;   **TO TAKE IMMEDIATE DISCOVERY**
    BMG MUSIC, a New York general partnership;
16  ARISTA RECORDS LLC, a Delaware limited
    liability company; and WARNER BROS.
17  RECORDS INC., a Delaware corporation,
18                      Plaintiffs,

19         v.

20

21  JOHN DOE,
                        Defendant.
22

23

24

25

26

27

28

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32530 v1

1   Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

In support thereof, Plaintiffs represent as follows:

1.  Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe ("Defendant"), who is being sued for direct copyright infringement.

2.  As alleged in the complaint, Defendant, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true name of Defendant, Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time of Defendant's infringing activity.

3.  Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify Defendant's true name, current (and permanent) address and telephone number, e-mail address, and Media Access Control ("MAC") address. Without this information, Plaintiffs cannot identify Defendant or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.  Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

///
///
///
///
///
///
///
///

1  WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the foregoing
2  requested discovery immediately.

4  Dated: September 20, 2007

                                               HOLME ROBERTS & OWEN LLP

                                               By: _____
                                                    MATTHEW FRANKLIN JAKSA
                                                    Attorney for Plaintiffs
                                                    UMG RECORDINGS, INC.; VIRGIN
                                                    RECORDS AMERICA, INC.;
                                                    INTERSCOPE RECORDS; BMG
                                                    MUSIC; ARISTA RECORDS LLC; and
                                                    WARNER BROS. RECORDS INC.

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#32530 v1